**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **CHRISTOPHER EDUARDO** | **DOCKET NO. 2:26-cv-00432** |
| **REG. # 48589-510** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| | |
| **WARDEN FCI OAKDALE II** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Christopher Eduardo. Doc. 5. Eduardo is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Eduardo was sentenced in the United States District Court for the Western District of Texas on September 6, 2024. *See* doc. 5, p. 1. The instant petition challenges the application of his Second Chance Act Time Credits and his release to Residential Reentry Center ("RRC")/Home Confinement. *Id.* at p. 2. Specifically, he complains the BOP has determined he is "categorically ineligible," due to his status as an alien and asks the Court to "order the BOP to conduct an immediate, lawful review for RRC/home confinement and issue a written decision by a short notice deadline." *Id.* at pp. 3, 6, 7.

According to the petition, Eduardo attempted to exhaust his administrative remedies.  His appeal to the Central Office (BP-11) was rejected as untimely and returned to the Regional Office. *Id*. at p. 4.

## II.
### LAW & ANALYSIS

### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B.  *Application*

#### 1.  *Exhaustion*

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

The BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. *See* 28 C.F.R. §

542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10). 28 U.S.C. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id*. There are time limits for BOP officials to respond at each level of the administrative remedy process.

"[P]roper exhaustion of administrative remedies is necessary," and "filing an untimely or otherwise procedurally defective administrative grievance or appeal" will not satisfy the requirement. *Woodford v. Ngo*, 548 U.S. 81, 83-84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x 372 (5th Cir. 2008). A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. *Thomas v. Warden*, 2021 U.S. Dist. LEXIS 257108 (E.D. Tex. May 28, 2021). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

Eduardo did not exhaust the claims before this Court. Exceptions to the exhaustion requirement apply only in extraordinary circumstances, such as when the petitioner proves that exhaustion would be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*). The petitioner bears the burden of proving futility. *Id*. The fact that the petitioner believes his grievances will be denied does not make the remedy futile. *See Adams v. Warden*, 2017 U.S. Dist. LEXIS 124404 at *3 (W.D. La. July 5, 2017). Moreover, the fact that his sentence may have expired, or his date of conditional release to a residential reentry center may have passed, while the administrative process was pending is insufficient to show "extraordinary circumstances." *Todd v. Reiser*, No. 3:21-CV-109-

KHJ-MTP, 2022 U.S. Dist. LEXIS 67502, 2022 WL 1100321, at *2 (S.D. Miss. Mar. 25, 2022), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 67210, 2022 WL 1094653 (S.D. Miss. Apr. 12, 2022); *see also Goss v. Longley*, No. 3:13-CV-825-DCB-MTP, 2014 U.S. Dist. LEXIS 130262, 2014 WL 4658970, at *2 (S.D. Miss. Sept. 17, 2014) ("The possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required."); *Falcon v. Upton*, No. No. 4:13-CV-975-A, 2014 WL 712547, at *2 (N.D. Tex. Feb. 23, 2014) (denying petition as unexhausted in spite of petitioner's claim that exhaustion would have interfered with her ability to obtain the full twelve months of placement in a residential reentry center) .

Eduardo must give the BOP an opportunity to review his claim before pursuing a § 2241 claim in this Court. However, as discussed below, even if Eduardo had exhausted his claims, he would not prevail on the merits.

### 2. *No Constitutional Right to Confinement in a Particular Place*

Eduardo may challenge the delay by the BOP in his placement in a halfway house or other less restrictive place of confinement under § 2241 because it impacts the execution of his sentence. *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (citing *Rublee v. Fleming*, 160 F.3d 213, 214-17 (5th Cir. 1998); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). But he is entitled to § 2241 relief only to remedy a restraint on his liberty which violates the Constitution, treaties, or laws of the United States. *United States v. Hayman,* 342 U.S. 205, 211-12 & n.11 (1952); see *also Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness") (quotation omitted).

The United States Supreme Court, however, has consistently held a prisoner has no constitutional right to confinement in any particular place. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").

Section 3624(c) grants the BOP Director the discretion to place a prisoner in a residential reentry center for up to twelve months. 18 U.S.C. § 3624(c)(1); *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). It further gives the Director the discretion "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). It also directs the BOP to issue new regulations to ensure that placements in community facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id*. § 3624(c)(6).

A petitioner complaining about a discretionary assignment by the BOP is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'") (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

After reviewing Eduardo's petition and the applicable statutes, the Court finds even if he had exhausted, his claim would fail as the BOP has the exclusive authority and discretion to determine if and when to assign him to a RRC. The Court further finds Eduardo has failed to identify in his petition any restraint on his liberty which violates the Constitution, treaties, or laws of the United States.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 20th day of April, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE